UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTY MCKELVEY,

        Plaintiff,

v.          Case No. 5:22-cv-9-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
_____/

# O R D E R

    This cause is before the Court on Plaintiff's Unopposed Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 32; "Petition"), filed April 27, 2023. In the Petition, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,096.75. Petition at 1. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 2, 6.

    Plaintiff's counsel indicates a total of 39.1 hours were expended in the representation of Plaintiff before the Court: 33.4 hours of attorney time and 5.7 hours of paralegal time. Id. at 3; see also Doc. No. 32-1; "Itemization of Time." Plaintiff, having negotiated with Defendant to seek compensation for 29 hours of attorney time and 4.2 hours of paralegal time, requests an hourly

rate of $235.24 for the attorney time and $75 for the paralegal time. Petition at 3; Itemization of Time. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased).[1]

A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." ACLU of Ga. v. Barnes, 168 F.3d 423, 436 (11th Cir. 1999) (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). The "relevant legal community is "the place where the case is filed." Id. at 437. If a movant seeks "non-local rates of an attorney who is not from the place in which the case was

---

[1] The undersigned entered an Order on November 17, 2023 taking under advisement the Petition and noting that three of the attorneys who performed work on the matter are not counsel of record or members of the Court's bar (or appearing pro hac vice). Order (Doc. No. 33). The parties were advised that the Court does not routinely compensate these kinds of lawyers at "attorney" rates; rather, they are typically compensated at the "paralegal" rate which is often recognized in this market as reasonable at $75. Id. Both parties were invited to weigh in on the issue of whether the lawyers should be compensated as paralegals, which they did. See Plaintiff's Response to Order Regarding Motion for Attorney Fees Under the Equal Access to Justice Act (Doc. No. 34), filed November 30, 2023; Defendant's Reply to Plaintiff's Response to the Court's Order Regarding Motion for Attorney Fees Under Equal Access to Justice Act (Doc. No. 35), filed December 8, 2023. Upon review of the parties' submissions and the particular circumstances of this case, including the already-negotiated reductions in the overall amount sought, the undersigned deems it appropriate to compensate all attorneys at "lawyer" rates.

filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Id.

The burden is upon the fee applicant to "supply[ ] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Norman, 836 F.2d at 1303. "No two lawyers possess the same skills, and no lawyer always performs at the same level of skill." Id. at 1300. Therefore, the fee applicant "ought to provide the court with a range of market rates for lawyers of different skill levels (perhaps as measured by quality and quantity of experience) involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." Id. Moreover, "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." Callaway v. Acting Comm'r of Soc. Sec., 802 F. App'x 533, 538 (11th Cir. 2020) (quoting Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000)).

Paralegal time is recoverable under the EAJA, but only "to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis and citation omitted), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990). In determining whether the number of hours expended are reasonable, the Court must ensure that "excessive, redundant or otherwise unnecessary" hours are

3

excluded from the amount claimed. Norman, 836 F.2d at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). To that end, it is important that fee applicants "exercise 'billing judgment,'" meaning "that the hours excluded are those that would be unreasonable to bill a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Id. (quoting Hensley, 461 U.S. at 434).

Having examined the Consumer Price Index and the representations made in the Petition and supporting documentation, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees such that the hourly rate requested for the attorneys is reasonable.[2] Moreover, the hourly rate and time expended by the paralegals is reasonable.

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Petition at Ex. 2 (Contingent Fee Agreement). Regarding the assignment, Plaintiff represents the following:

> The parties agree that after the Court issues an order accepting th[e] Petition, the Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of Treasury determines that . . . Plaintiff does not owe a federal

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited December 28, 2023). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, 325 F. Supp. 2d 1342, 1346 (M.D. Fla. 2002).

4

debt, the government will accept Plaintiff's Assignment of EAJA fees . . . and pay fees directly to Plaintiff's counsel.

Id. at 4.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 32) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $7,096.75 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on December 29, 2023.

/s/ James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record